**In re Estate of Edler**

*Heather Willis Lewis, Peter Facey*, for petitioner.
*Dan Mathers*, for respondent.

LOVECCHIO, *J.*, January 31, 2014—This matter came before the court on Kieth M. Edler's petition to restore non-charitable irrevocable trust. The relevant facts follow.

Vivian M. Edler ("Mrs. Edler") was a resident of Lycoming County and had three sons: Terry R. Edler ("Terry), Kieth M. Edler ("Kieth") and Del S. Edler ("Del"). Mrs. Edler executed a will dated January 3, 2007, leaving her estate in three equal shares to sons, all of whom were then living.[1]

On May 20, 2010, while Mrs. Edler was a patient at the Williamsport Hospital, she signed a durable power of attorney naming Kieth her agent. The power of attorney contained a notice to the principal signed by Mrs. Edler and an acknowledgement of the agent signed by Kieth as required by 20 Pa.C.S. §5601 (c) and (d).

In early 2011, Kieth met with individuals associated with the Malee Law Firm, who drafted the Vivian Edler Irrevocable Trust ("Trust"). On or about February 25, 2011, Kieth executed the Trust, signing the document both as power of attorney for Mrs. Edler and as trustee. After executing the Trust, Kieth transferred Mrs. Edler's real estate and all the funds in her bank accounts into the Trust.

While the Trust provided the income to Mrs. Edler, it divested her of any interest in or benefit of the principal (corpus) of the Trust. In fact, pursuant to the terms of the Trust, the distribution committee (which consisted of Kieth and his daughter, Jeanine Schepers) could distribute all

---

1. Terry died on February 24, 2011, survived by his three adult children.

of the trust assets to Mrs. Edler's children, grandchildren, and/or their spouses while Mrs. Edler was still living.

Mrs. Edler was dissatisfied with her inability to access the principal of her financial accounts, and she contacted the Office of the Aging. It was the position of the Office of the Aging that the establishment of the Trust was not consistent with the Probate, Estate and Fiduciary (PEF) Code. Kieth consulted with the Malee Law Firm on or about May 17, 2011, and agreed to terminate the Trust and transfer all its assets back into Mrs. Edler's name. The accounts were distributed to Mrs. Edler on or before May 25, 2011, and a corrective deed conveying the real estate back to Mrs. Edler was executed on June 1, 2011. In consideration of these actions, Mrs. Edler agreed to release any and all claims she may have had against Kieth regarding the establishment of the Irrevocable Trust.

On October 18, 2011, Mrs. Edler conveyed the real estate to Del and executed a new last will and testament (the "2011 Will"), pursuant to which Del would receive all of the household contents of the real estate, and the residue of her estate would be distributed 50% to Del, 30% to Kieth, and 20% to Terry's children. The Will also appointed Del as executor of Mrs. Edler's estate.

Mrs. Edler died on August 29, 2012. The 2011 Will was probated on November 27, 2012 and letters testamentary were issued to Del.

Kieth filed a petition to restore the trust on May 9, 2013. He also filed a praecipe for lis pendens against the real estate on May 13, 2013. The estate filed an answer and new matter on May 30, 2013. Kieth field a reply to the new matter on July 10, 2013.

The court held a conference in this matter on July 17, 2013. Counsel for the parties asserted that several purely legal issues controlled the outcome of this case, which could be decided on briefs. The parties have filed their briefs and the matter is ripe for decision.

Counsel for Kieth argued that the general, broad language in the power of attorney gave Kieth the authority to transfer all of Mrs. Edler's property into an irrevocable trust. Counsel for Kieth also asserted that the transfer of the property back to Mrs. Edler was a legal nullity because the distribution committee could not transfer any property to the settlor pursuant to the terms of the trust and the transfers did not include the consents and/or signatures of all of the beneficiaries to terminate the trust as required by section 7740.1 of the PEF Code.

Counsel for the estate contended that the creation of an irrevocable trust was a legal nullity because, absent specific language in the power of attorney, section 5603 of the PEF Code precluded the creation of an irrevocable trust. In the alternative, the estate argued that the trust was lawfully terminated and/or Kieth was barred by the doctrines of accord, satisfaction or release.

## DISCUSSION

The power of attorney states in relevant part:

KNOW ALL MEN BY THESE PRESENTS, That I, VIVIAN M. EDLER, of 172 School House Lane, English Center, Pennsylvania, appoint KEITH MERLE EDLER, of 484 Knipe Road, Liberty, Pennsylvania, my true and lawful agent with full power of substitution for me and in my name and on my behalf generally to transact all business and to sign, acknowledge and

deliver all contracts, deeds and other instruments needed to effectuate any matter or transaction pertaining to my affairs, all as effectually, in all respects, as I could do personally.

Without intending to limit or restrict the foregoing general powers, my said agent, shall have full and separate authority:

(1) To make limited gifts.

(2) To create a trust for my benefit....

Powers of attorney are governed by chapter 56 of the PEF Code. Section 5601(a) states:

(a) *General rule.* — In addition to all other powers that may be delegated to an agent, any or all of the powers referred to in section 5602(a)(relating to form of power of attorney) may lawfully be granted in writing to an agent and, unless the power of attorney expressly directs to the contrary, shall be construed in accordance with the provisions of this chapter.

20 Pa.C.S. §5601(a). One of the powers referred to in section 5602(a) is the power to create a trust. 20 Pa.C.S. §5602(a)(2). Section 5603(b) describes the power to create a trust as follows:

(b) *Power to create a trust.* — A power "to create a trust for my benefit" shall mean that the agent may execute a deed of trust, designating one or more persons (including the agent) as original or successor trustees and transfer to the trust any or all property owned by the principal as the agent may decide, subject to the following conditions:

(1) The income and corpus of the trust shall either be distributable to the principal or to the guardian of his estate, or to be applied for the principal's benefit, and upon the principal's death, any remaining balance of the corpus and unexpended income of the trust shall be distributed to the deceased principal's estate.

(2) The deed of trust may be amended or revoked at any time and from time to time, in whole or in part, by the principal or the agent, provided that such amendment by the agent shall not include any provision which could not be included in the original deed.

20 Pa. C.S. §5603(b).

Kieth contends that, in light of the broad, general powers granted through the initial paragraph of the power of attorney, he had the power to create an irrevocable trust, notwithstanding the provisions of section 5603. The court cannot agree.

The object of all statutory construction is to ascertain and effectuate the intent of the general assembly. 1 Pa.C.S. §1921(a). Section 5602 of the PEF Code provides that unless the power of attorney "expressly directs to the contrary" the power of attorney will be construed in accordance with chapter 56, which includes the limitations contained in section 5603. Words and phrases in a statute are to be construed according to their common usage, unless they are technical words or words that have acquired a peculiar meaning. *See* 1 Pa.C.S. §1903(a). The word "expressly" means explicitly, specifically or particularly (Merriam-Webster's Online Dictionary). While the initial paragraph of the power of attorney gave Kieth very broad, general powers, it did not specifically

give him the power to create an irrevocable trust or contain any other language to explicitly indicate that the powers granted to him would not be construed in accordance with the conditions contained in section 5603.

Following the initial paragraph that generally gave Kieth the power to transact business and handle Mrs. Edler's affairs, the specific power "to create a trust for my benefit" is listed. This language has a specific statutory meaning as set forth in section 5603, which does not include the power to create an irrevocable trust. Furthermore, "specific provisions ordinarily are regarded as qualifying the meaning of broad general terms in relation to a particular subject." *Eighth North-Val, Inc. v. Parkinson*, 773 A.2d 1248, 1255 (Pa. Super. 2001).

Moreover, pursuant to the rules of statutory construction, the general assembly does not intend an absurd result. 1 Pa.C.S. §1922. Kieth's interpretation would create an absurd result such that a grant of broad, general powers would give an agent the authority to create a revocable or irrevocable trust, but specifically listing the power to create a trust would only give an agent the authority to create a revocable trust as provided in section 5603.

This case presents the type of situation that the provisions of section 5603(b) were designed to prevent. Contrary to her wishes, Kieth created an irrevocable trust that divested Mrs. Edler of the corpus of all her assets. The Trust established by Kieth did not conform to the limitations contained in either 5603(b)(1) or (2).[2] Paragraph (b)(1) requires that both the income and the corpus of the trust be distributable to the principal or the guardian of his estate

---

2. The court also questions whether the trust created by Kieth complied with the special rules for gifts.

or be applied for the principal's benefit. In contravention of this statute, the Trust created by Kieth precluded any payment to be made to or for the benefit of Mrs. Edler (Trust, article 3.02). Section 5603 (b)(2) of the PEF Code states that the deed of trust may be revoked at any time by the principal or the agent. 20 Pa.C.S. §5603(b)(2). The Trust created by Kieth precluded Mrs. Edler from altering, amending, modifying, revoking or terminating the Trust in any capacity whatsoever (Trust, article 2.01). Absent explicit language to the contrary, the general assembly clearly intended to limit the creation of a trust by an agent under a power of attorney to a revocable trust where both the income and the corpus are distributed to the principal or applied for her benefit. Since explicit language to the contrary is noticeably absent from the power of attorney in this case, the creation of an irrevocable trust which divested Mrs. Edler of the corpus of all her assets was a legal nullity.

In the alternative, the court finds that Trust was lawfully terminated and/or Kieth is barred from challenging the transfer of all assets back to Mrs. Edler. Section 5603(b)(2) states that the "deed of trust may be amended or revoked at any time and from time to time, in whole or in part, by the principal or the agent...." Here, the deed of Trust was revoked by both the principal and the agent when Kieth and Mrs. Edler executed the corrective deed and Kieth transferred all assets back to Mrs. Edler.

The terms of the Trust agreement also permitted the distribution committee to terminate the Trust. Article 7.03 of the Trust agreement states in relevant part:

The then current members of the distribution committee acting by unanimous vote, with the consent of the

trustee but otherwise acting in their sole and exclusive discretion, may terminate the trust or amend or modify the trust in such manner as the distribution committee shall determine advisable from time to time; provided however, that no such modification or amendment shall cause the principal of the trust to revert to the settlor, or the creditors of the settlor or the creditors of the estates of settlor.

While the Trust precluded the corpus of the Trust to revert to Mrs. Edler through a modification or amendment, it did not preclude the corpus from reverting to Mrs. Elder through termination of the Trust. The distribution committee consisted of Kieth and his daughter, Jeannine Schepers, both of whom agreed to terminate the Trust and transfer the assets back to Mrs. Edler, as evidenced by the their signatures as distribution committee members on the corrective deed.

Finally, under the unique facts and circumstances of this case, the court finds that Kieth is barred by contract principles and/or equity from challenging the termination of the Trust and the transfer of all assets back to Mrs. Edler. The documents and the portion of the facts that are not in dispute show that shortly after the Trust was created issues arose concerning the validity of the Trust and its conformity to the PEF Code. Kieth consulted with an attorney, who informed him that the Trust had to be terminated because it was improperly formed. Kieth signed the corrective deed and transferred all the assets back to Mrs. Edler in exchange for a release of any and all claims she may have regarding the establishment of the Trust. If Kieth was unhappy with his attorney's advice, he could have sought the advice of another attorney. He did not do so. Instead, he settled the dispute. It would

be contrary to contract principles and patently unjust to permit Kieth to wait nearly two years and then revive the dispute approximately six months after Mrs. Edler's death.

Accordingly, the following order is entered:

ORDER

And now, this 31st day of January 2014, the court denies the petition to restore trust.